IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MAKENZIE MCDONALD,

           Plaintiff,

v.                                                                   CIVIL ACTION NO.  2:24-cv-00523

PORTFOLIO RECOVERY ASSOCIATES, LLC,

           Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is Plaintiff's Motion for Remand and for Attorney's Fees, [ECF No. 5]. This motion, having been fully briefed by the parties, is now ripe for review. As described below, the Motion to Remand, [ECF No. 5], is **GRANTED**.

**I.    Background**

On August 22, 2024, Mackenzie McDonald ("Plaintiff") filed an action in the Magistrate Court of Kanawha County, West Virginia, [ECF No. 1], against Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"). In Plaintiff's complaint, she alleged several debt collection violations under the West Virginia Consumer Credit Protection Act ("WVCCPA"). *Id*. Specifically, plaintiff alleged that a series of phone calls constituted a violation that totaled $9,500.00. On September 25, 2024, Defendant removed the action to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [ECF No. 1].

In support of its Notice of Removal, the Defendant asserts that this court has jurisdiction over the action based on both the complete diversity of citizenship between the parties and the amount

in controversy exceeding the sum or value of $75,000. *Id*. For the purposes of diversity, the Defendant states that the Plaintiff is a citizen of West Virginia, and Portfolio, a Delaware corporation with its principal place of business in Virginia, is a citizen of Delaware and Virginia. *Id*. Further, the Defendant alleges that the original complaint requests (1) compensatory damages, (2) an award for the Plaintiff's harassment, (3) statutory damages in accordance with the WVCCPA, (4) punitive damages, (5) attorney's fees, (6) $9,500, and (7) other relief that this court would deem equitable and just. *Id*. Defendant states that if the statutory penalty under the WVCCPA of $1,000 (adjusted for inflation) was applied to each of the seventy-seven phone calls placed to the Plaintiff, that number alone would satisfy the $75,000 amount in controversy threshold required for removal. *Id*. Defendant further states that the amount in controversy threshold is clearly met even disregarding Plaintiff's request for compensatory damages under common law theories, attorney's fees under the WVCCPA, and Plaintiff's request for punitive damages. *Id*.

On October 10, 2024, Plaintiff filed a motion to remand pursuant to 28 U.S.C. §§ 1441 and 1447. [ECF No. 5]. Seeing no basis for subject matter jurisdiction, I find that remand to the Magistrate Court of Kanawha County to be appropriate.

**II.    Legal Standard**

The party seeking removal of an action originally filed in state court bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The court must strictly construe removal jurisdiction, and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.* The requirements for removal are provided in 28 U.S.C. § 1441:

2

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

A district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). It is well established that the diversity requirement of § 1332(a) requires complete diversity of citizenship. *See, e.g., Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). Thus, no Plaintiff may be a citizen of the same state as any Defendant. *Id*. Further, a Defendant must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the aforementioned jurisdictional amount. *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D. W. Va.,1996).

### III. Discussion

#### A. Motion to Remand

In this case, Plaintiff is a citizen of West Virginia. In addition, Portfolio, a Delaware corporation with its principal place of business in Virginia, is a citizen of Delaware and Virginia. Diversity jurisdiction exists when (1) the "matter in controversy exceeds the sum or value of $75,000," and (2) if controversy arises between "citizens of different States." 28 U.S.C. § 1332(a). Here, the parties agree that there is diversity of citizenship. Therefore, I will focus my analysis on the amount in controversy.

In general, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). However, if the Plaintiff contests the Defendant's allegation, the Defendant must establish the amount in controversy by the preponderance of the evidence. *Id*. at

88; *see* 28 U.S.C. § 1446(c)(2)(B). That is, the Defendant must "show[ ] it is more likely than not that a fact finder might legally conclude that damages will exceed the jurisdictional amount." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (internal quotation marks omitted). "When a Plaintiff's complaint leaves the amount of damages unspecified, the Defendant must provide evidence to show . . . what the stakes of litigation . . . are given the Plaintiff's actual demands." *Id*. at 194. "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the Plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Id*. at 196.

The Defendant fails to meet this preponderance of the evidence standard for several reasons. As a preliminary matter, I note that establishing the amount in controversy is not "nuclear science." *Id*. at 196. When faced with removal, the preponderance of the evidence standard requires a Defendant to establish that it is more likely than not that the amount in controversy alleged is above the threshold. *McGowan v. Nissan North America, Inc*., No. 2:12-cv-4927, 2012 WL 5878020 at *2 (S.D. W. Va. Nov. 20, 2012). In *McGowan* the court determined that even with a combination of damages and attorney's fees, the Defendant's amount in controversy claim was "too speculative" to overcome its burden. *Id*. at 4. Stating $25,000 is a reasonable preliminary estimate of attorney's fees in WVCCPA cases, the court in *McGowan* found no evidence that the remaining claims could amount to enough to satisfy the amount in controversy required for federal jurisdiction. *Id*.

The case here is analogous. The Defendant contends that Plaintiff is seeking (1) compensatory damages, (2) an award for the Plaintiff's harassment, (3) statutory damages in accordance with the WVCCPA, (4) punitive damages, (5) attorney's fees, (6) $9,500, and (7) other relief that this court

4

would deem equitable and just. [ECF No. 9]. Thus, in reality, it is a patchwork of awards and damages that the Defendant uses to meet the amount in controversy. At the same time, however, the Defendant concedes that some of the calls may not be violations of WVCCPA. *Id*. Though a concession is not a requirement to establish an amount of controversy at issue, this concession makes it entirely unclear which of the 77 calls I should consider a violation. Contrary to Defendant's belief, the Plaintiff does make a clear statement that $9,500 is the amount in controversy at the time of removal. In response, the Defendant fails to show by a preponderance of the evidence which calls are calculable statutory violations of the WVCCPA. Despite the lack of an explicit stipulation to the amount of damages the Defendant *may* face, Portfolio's desire to pull the court into a tempest of hypotheticals as to which calls may or may not be violations does not satisfy their burden. Further, Plaintiff filed her complaint in the Magistrate Court of Kanawha County. Plaintiff's decision to file in a court where she could recover at most $10,000 cuts against the likelihood that a larger amount could be recoverable.

Moving next to the issue of attorney's fees, the Defendant fails to meet their burden establishing that these fees meet the jurisdictional threshold. Though courts in this district have established the amount of attorney's fees typically awarded in WVCCPA cases, I note attorney's fees have traditionally been excluded when determining jurisdictional amounts. *Dunlap v. Green Tree Servicing, LLC*, No. Civ.A. 2:05-311, 2005 WL 3177881, at *5 (S.D. W. Va. Nov. 28, 2005). However, they may be included if explicitly provided by statute. *Id*. In WVCCPA cases, attorney's fees are explicitly available and thus may be used to meet a required jurisdictional threshold. *Id*. These fees must be supported by actual evidence and often cannot be predicted simply by

referencing other WVCCPA cases. *Stottlemire v. Caliber Home Loans, Inc.*, NO.: 1:16-CV-118, 2017 WL 282419, at *2 (N.D. W. Va. Jan. 20, 2017).

In *Stottlemire*, the court rejected the Defendant's use of attorney's fees in calculating the amount in controversy. Specifically, the court determined since attorney's fees are often awarded at the "discretion of the court," the Defendant's valuation was not binding. In this case, the Defendant relies extensively on other WVCCPA cases in an effort to determine the attorney's fees that she be awarded. [ECF No. 9]. In addition, in her response to remand, the Plaintiff provides scant evidence to the amount of attorney's fees that will be at issue. [ECF No. 9]. I can see no way to determine the amount of attorney's fees at issue, let alone if it satisfies the jurisdictional threshold required for federal jurisdiction. For the reasons above, I find that the amount in controversy is less than $75,000. Plaintiff's Motion to Remand is **GRANTED**.

### B. Motion for Attorney's Fees

The Plaintiff in this case has requested that the court award costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a court remanding a case may "require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." *Id*. The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where a party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*, 546 U.S. 132, 141 (2005); *see also Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 529 (S.D. W. Va. 2011). Further, a removing Defendant can use "overinclusive evidence" to establish the amount in controversy so long as the evidence shows it is more likely than not that "a fact finder might legally conclude that" damages will exceed the

jurisdictional amount. *Scott,* 865 F.3d at 196; *see also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

Portfolio states that it unequivocally possessed an objectively reasonable basis for removal. [ECF No. 9]. Citing *Caufield*, Defendant states that its claim is distinguishable from claims that have been rejected within the Fourth Circuit. To this end, I am entitled to agree. Portfolio is alleged to have violated the statute at issue by placing a series of phone calls to the Plaintiff. *Id.* Portfolio looks to the statutory penalties that apply when this behavior violates the WVCCPA. As I stated above, it is not "nuclear science" to determine an amount in controversy, and I find the same applies in viewing the Defendant's attempted calculations. For this reason, I **FIND** attorney's fees inappropriate in this instance. Plaintiff's Motion for Attorney's Fees is **DENIED**.

### IV.    Conclusion

Because the parties are diverse in citizenship but not more than $75,000 is in controversy, the court does not have diversity jurisdiction in this case. Plaintiff's Motion to Remand is **GRANTED** and its Motion for Attorney's Fees is **DENIED**. Further, Defendant's Motion to Stay is **DENIED as moot**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    November 13, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE